Filed 10/24/14  P. v. Cato CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DENNIS CATO,<br><br>    Defendant and Appellant. | A141543<br><br>(Lake County<br>Super. Ct. No.  CR930233) |

Dennis Cato was convicted on his plea of no contest to one count of assault with a firearm (Pen. Code, § 245, subd. (a)(2)),[1] and he admitted an allegation of personal use of a firearm (§ 12022.5, subd. (a)).  Several other charges, including attempted murder, were dismissed pursuant to the plea.  Cato challenges his sentence to state prison, contending that the trial court abused its discretion in refusing to grant him probation.  We affirm.

## I.    FACTUAL BACKGROUND[2]

On August 29, 2012, two employees of a PG&E subcontractor that installs energy-efficient utilities in low-income homes were working at Cato's home installing a new water heater, a water-flow improvement device, and smoke and carbon monoxide detectors.  Cato was present as they worked and "seemed like a normal person."  Late in the afternoon, however, Cato came out of the house smelling of alcohol and said he was going to shoot the two workmen.  Fearing for their safety, the two men began to put their

---

[1] Undesignated statutory references are to the Penal Code.

[2] The background facts are taken from the probation officer's report.

1

tools and materials in their van. Cato went back into the house. He returned holding a black handgun and began firing at them. The two fled, and one of them fell and hurt his back. As they ran, Cato continued to shoot at them.

Sheriffs' deputies were called and took Cato into custody without further incident. Cato appeared intoxicated and had a strong odor of alcohol about his person. The deputies collected a black handgun, a silver handgun, and a rifle from the house. Two bullet holes were found in the front left tire of the victims' van.

## II. PROCEDURAL HISTORY

Cato was charged by information with two counts each of attempted murder (§§ 187, subd. (a), 664), assault with a firearm (§ 245, subd. (a)(2)), and criminal threats (§ 422). He also was charged with one count of discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a)), and several firearm enhancements were alleged (§§1203.06, subd. (a)(1), 12022.5, subd. (a), 12022.53, subds. (b), (c)). At arraignment, defense counsel declared a doubt as to Cato's competency under section 1368. The court suspended criminal proceedings. The appointed doctors opined that Cato was competent to stand trial. The matter was submitted on their reports, and the court found Cato competent. Cato then entered a plea of not guilty by reason of insanity, and an examination pursuant to section 1027 was ordered. Donald Apostle, a psychiatrist, opined that Cato was not legally insane at the time of the offense but had committed it during an alcoholic blackout. Kevin Kelly, a psychologist, found no evidence of "significant mental health disturbance," but suggested that Cato's behavior at the time of the offense may have been caused by alcohol intoxication combined with memory and behavioral impairments associated with mild dementia, stroke and diabetes, as well as Cato's use of a variety of antidepressants, sleep aids and painkillers.

On April 12, 2013, defense counsel again declared a doubt as to Cato's competency. Apostle and Kelly were appointed to evaluate Cato, and both of them found Cato not competent to stand trial due to dementia. The court ordered Cato placed at Napa State Hospital pursuant to section 1370. On December 31, 2013, the medical director of Napa State Hospital certified that Cato had regained his mental competence.

Following his return to court, Cato entered a plea of no contest pursuant to a negotiated disposition to one count of assault with a firearm (§ 245, subd. (a)(2)), and he admitted personal use of a firearm (§ 12022.5, subd. (a)). Under the terms of the plea agreement, the sentence to be imposed was in the court's discretion, with the understanding that Cato would receive no more than six years in state prison. The remaining charges were dismissed with a *Harvey* waiver.[3]

A sentencing hearing was held on April 7, 2014. The probation report recommended denial of probation and imposition of an aggregate prison term of five years. Victim impact evidence was presented through the testimony of one victim and a letter from the other. The defense presented the testimony of Cato's sister, two long-time friends, and a caregiver—each testifying as to Cato's nonviolent character, medical history, and physical disabilities. Cato also testified. Cato expressed remorse for the shooting incident, but said that he had no memory of anything on the day of the incident, opining that he had suffered an anxiety attack.[4]

The prosecution argued that Cato remained a substantial danger to others in light of his continued consumption of alcohol even following a stroke, and asked the court to impose a six-year prison sentence. The defense argued that this was an unusual case justifying a grant of probation due to Cato's age,[5] minimal prior record, the fact that he was on medication at the time of the offense, and that the offense was committed due to a mental condition. "He's an elderly man in a wheelchair [who] did something that he should not have done because of a mental condition."

The court denied probation. The court first observed that Cato, as a consequence of his personal use of a firearm, was not eligible for probation in the absence of unusual

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

[4] In one interview with an examining psychiatrist, Cato denied any memory of the event, but said he was "just firing warning shots" because he thought the victims were trying to "set him up" for a home invasion.

[5] Cato was 65 years old at the time of sentencing.

3

circumstances. (§ 1203, subd. (e)(2); Cal. Rules of Court, rule 4.413.)[6] While finding factors that made the case unusual, "[i]n terms of a grant of probation I don't find this to be that unusual of a case. He attacked two people with a firearm. Obviously an extremely serious behavior. Obviously he was an active participant in the offense. He was armed with a weapon. Probation will be denied." The court noted that Cato's prior criminal history was relatively insignificant, that his prior performance on probation was satisfactory, and that Cato was possibly suffering from a mental condition which significantly reduced his culpability for the crime. The court indicated it would follow the probation department's recommendation and imposed the low term of two years in state prison for assault with a firearm plus the low term of three years for the firearm use enhancement, for an aggregate prison term of five years. Cato was awarded a total of 653 days credit for time served, including 587 actual days, plus 66 days conduct credit pursuant to section 2933.1.

## III. DISCUSSION

Cato contends the trial court misunderstood the scope of its sentencing discretion and abused that discretion in denying probation. We disagree.

As a consequence of having used a firearm in commission of the crime, Cato was presumptively ineligible for probation under section 1203, subdivision (e)(2), which prohibits a grant of probation in cases where a firearm is used "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation." "The standard for reviewing a trial court's finding that a case may or may not be unusual is abuse of discretion. [Citations.] The standard is the same for review of an order granting probation. 'Probation is an act of clemency which rests within the discretion of the trial court, whose order granting or denying probation will not be disturbed on appeal unless there has been an abuse of discretion.' [Citation.]" (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831.)

---

[6] All rule references are to the California Rules of Court.

As Cato acknowledges in his opening brief, the standard for abuse of discretion in denying probation is a difficult one to meet. "Our function is to determine whether the respondent court's order is arbitrary or capricious, or ' "exceeds the bounds of reason, all of the circumstances being considered." ' [Citation.]" (*People v. Superior Court* (*Du*), *supra,* 5 Cal.App.4th at p. 831.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

Cato first suggests that the court abused its discretion by applying an incorrect standard in assessing whether unusual circumstances warranted a grant of probation. He contends that the court, having found unusual circumstances to be present, was then required to proceed to consideration of rule 4.414 factors in determining the propriety of probation.[7] He argues that the court erred in deciding instead that the circumstances were not unusual *enough* to warrant a probation grant.

---

[7] "Criteria affecting the decision to grant or deny probation include facts relating to the crime and facts relating to the defendant. [¶] **(a) Facts relating to the crime** [¶] Facts relating to the crime include: [¶] (1) The nature, seriousness, and circumstances of the crime as compared to other instances of the same crime; [¶] (2) Whether the defendant was armed with or used a weapon; [¶] (3) The vulnerability of the victim; [¶] (4) Whether the defendant inflicted physical or emotional injury; [¶] (5) The degree of monetary loss to the victim; [¶] (6) Whether the defendant was an active or a passive participant; [¶] (7) Whether the crime was committed because of an unusual circumstance, such as great provocation, which is unlikely to recur; [¶] (8) Whether the manner in which the crime was carried out demonstrated criminal sophistication or

5

We do not read the record as Cato would have us do.  The court clearly understood its discretion to grant probation and the finding it would be required to make in order to do so.  Cato fails to show otherwise.  The court indicated only that factors were present which might allow it to find Cato to be probation eligible.  (See rule 4.413.)[8]  The

professionalism on the part of the defendant; and [¶] (9) Whether the defendant took advantage of a position of trust or confidence to commit the crime. [¶] **(b) Facts relating to the defendant** [¶] Facts relating to the defendant include: [¶] (1) Prior record of criminal conduct, whether as an adult or a juvenile, including the recency and frequency of prior crimes; and whether the prior record indicates a pattern of regular or increasingly serious criminal conduct; [¶] (2) Prior performance on probation or parole and present probation or parole status; [¶] (3) Willingness to comply with the terms of probation; [¶] (4) Ability to comply with reasonable terms of probation as indicated by the defendant's age, education, health, mental faculties, history of alcohol or other substance abuse, family background and ties, employment and military service history, and other relevant factors; [¶] (5) The likely effect of imprisonment on the defendant and his or her dependents; [¶] (6) The adverse collateral consequences on the defendant's life resulting from the felony conviction; [¶] (7) Whether the defendant is remorseful; and [¶] (8) The likelihood that if not imprisoned the defendant will be a danger to others." (Rule 4.414.)

[8] **"(a) Consideration of eligibility** [¶] The court must determine whether the defendant is eligible for probation. [¶] **(b) Probation in unusual cases** [¶] If the defendant comes under a statutory provision prohibiting probation "except in unusual cases where the interests of justice would best be served," or a substantially equivalent provision, the court should apply the criteria in (c) to evaluate whether the statutory limitation on probation is overcome; and if it is, the court should then apply the criteria in rule 4.414 to decide whether to grant probation. [¶] **(c) Facts showing unusual case** [¶] The following facts may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate: [¶] (1) *Facts relating to basis for limitation on probation* [¶] A fact or circumstance indicating that the basis for the statutory limitation on probation, although technically present, is not fully applicable to the case, including: [¶] (A) The fact or circumstance giving rise to the limitation on probation is, in this case, substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence; and [¶] (B) The current offense is less serious than a prior felony conviction that is the cause of the limitation on probation, and the defendant has been free from incarceration and serious violation of the law for a substantial time before the current offense. [¶] (2) *Facts limiting defendant's culpability* [¶] A fact or circumstance not amounting to a defense, but reducing the defendant's culpability for the offense, including: [¶] (A) The defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant

6

probation report, which the court indicated it had read and considered, was admitted into evidence and directly addressed the applicability of factors under both rules 4.413 and 4.414. In stating that the court did not "find this to be that unusual of a case," the court simply expressed its view that it was not persuaded that the favorable factors outweighed the presumption against grant of probation.

It is also clear from the record that the court was not prepared to grant probation even if it concluded that Cato was eligible, considering all the circumstances of the offense. Cato complains that the underlying offense here "was carried out by a demented, alcoholic old man in the throes of a blackout, who shot at two men he believed to be intruders, failed to hit them, and caused only emotional injury and a back problem that occurred when one of them tripped and fell while fleeing." Cato contends that the court "seriously abused its discretion" by failing to give adequate consideration to the rule 4.414 factors including the limited extent of his prior record; his ability to comply with probation; the likely effect of imprisonment on him; his remorse; and the likelihood that he would not be a danger to others if not imprisoned. He insists that the trial court's discretion "should have been guided by its extensive knowledge of [his] medical condition and his struggles with both alcoholism and dementia."

Cato shows only that "reasonable people might disagree" as to the appropriate sentence in this matter; he does not show that the sentence imposed by the court "is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony, supra,* 33 Cal.4th at p. 377.) His claim therefore fails.

## IV.    DISPOSITION

The judgment is affirmed.

---

has no recent record of committing crimes of violence; [¶] (B) The crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and [¶] (C) The defendant is youthful or aged, and has no significant record of prior criminal offenses." (Rule 4.413.)

                                   _____

                                   BRUINIERS, J.

WE CONCUR:

_____

SIMONS, Acting P. J.

_____

NEEDHAM, J.